IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**ROSS DAVIS,**

        **Plaintiff,**

v.	No. CIV. 00-1232 LH/KBM

**THE NEW MEXICO ACTIVITIES
ASSOCIATION, and DAN SALZWEDEL,**
**its Executive Director,**

        **Defendants**.


**FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

**THIS MATTER** came before the Court on a Hearing for Permanent Injunction on October 4, 2000. The Court, having heard testimony of witnesses and arguments of counsel, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

1. Plaintiff Ross Davis is 18 years old and currently resides with his brother and several other roommates in Las Cruces, New Mexico. He is a senior at Las Cruces High School.

2. Plaintiff moved to Las Cruces from Montrose, Colorado, primarily for these reasons: marital difficulties between his parents; a desire to spend more time with his brother; and, to establish New Mexico residency so that he could pay in-state tuition if he attends New Mexico State University. Plaintiff moved to Las Cruces in August 2000.

3. Plaintiff spends $300-$400 per month for his total living expenses. He currently has $1400 in a savings account. Plaintiff has paid his monthly living expenses since moving to Las Cruces, with the exception of his $50 monthly car insurance premium, which his father has paid.

4. In addition to the car insurance premium, his parents gave him some money for his birthday and $50 after a football game.

5. Plaintiff's parents have made no commitment to support Plaintiff financially in the future. Plaintiff's parents are unable to provide financial support to Plaintiff.

6. When Plaintiff's savings account is depleted, he intends to get a job to earn his living expenses.

7. The New Mexico Athletics Association ("NMAA") is a voluntary association of all school districts in the State of New Mexico, whose purpose, among others, is to approve, promote, direct, as well as regulate and supervise, all interscholastic activities, both athletic and non-athletic. Its rules are approved by the State Board of Education.

8. In approximately the third week in August 2000, Executive Director of the NMAA, Dan Salzwedel, received the application of Plaintiff to play interscholastic athletics at Las Cruces High School.[1] The stated basis for Plaintiff's application for eligibility was that he was an "independent student" as defined by Section 4.21.2 of the NMAA Handbook. Plaintiff did not

---

[1] Throughout this Order, these two defendants will be jointly referred to as the "NMAA".

apply for eligibility under any other basis, including any of the exceptions contained in Section 4.23.4 of the Handbook.

9. Mr. Salzwedel considered the August application to be a "partial petition".

10. As Executive Director, Mr. Salzwedel is responsible for interpreting the NMAA rules. His stock response to what it means to be an "independent student" is one who pays the cost of his or her own food, clothing, shelter, transportation and insurance.

11. Mr. Salzwedel's interpretation of the term "independent student", as contained in the NMAA Handbook Sec. 4.21.2, means financially self-supporting, although a "reasonable" amount of money received by the student might be permissible and would be "weighed" by the NMAA in making this determination. No language of the Handbook explains what is meant by the word "reasonable".

12. The NMAA is unaware of any basis on which to conclude that Plaintiff's move to Las Cruces was made in circumvention of its rules. It has no knowledge, for example, that Plaintiff was recruited, routed by an agent, or came to New Mexico for any reasons other than those testified to by Plaintiff.

13. Once it receives a completed application, the NMAA customarily quickly makes an eligibility determination, usually in as little as 72 hours.

14. Student Mike Molina submitted a completed petition to the NMAA on September 18, 1998, and he was deemed eligible in a letter written on September 21, 1998. (See Exhibit 1).

15. Student Daniel Morales submitted a completed petition to the NMAA on November 1, 1998, and he was deemed eligible in a letter written on November 9, 1998. (Exhibit 2).

16. Insofar as being an applicant for eligibility, Plaintiff was similarly situated to students Molina, Morales, and other students who applied for this ruling.

17. The lawsuit in this case was filed in state court on August 24, 2000 and removed to this Court on August 25, 2000.

18. Plaintiff's school records were not received by the NMAA until after this lawsuit was filed.

19. Once the lawsuit in this matter was filed, Mr. Salzwedel decided to take no further action on Plaintiff's application.

20. The Court's preliminary injunction in this matter was entered on September 14, 2000.

21. As of the date of the October 4, 2000 hearing, the NMAA had not made a ruling on Plaintiff's application for eligibility to play football for Las Cruces High School.

22. One of the NMAA's stated reasons for not ruling on Plaintiff's application is that it was incomplete and insufficient. The NMAA considered the only thing missing from the application was item #3 on Exhibit 6, an income and expense statement. On September 11, 2000, Mr. Hartshorne faxed an expense statement to Mr. Salzwedel, showing Plaintiff's expenditures from July 27, 2000 to September 11, 2000. This fax completed the application of Plaintiff.

23. On September 11, 2000, the NMAA received adequate information to evaluate whether or not Plaintiff was an "independent student" under its criteria.

24. Other reasons stated by the NMAA for failing to act on Plaintiff's application for eligibility include:  (a)   that the school had determined that one parent was giving money to Plaintiff;  (b)  that the NMAA does not  have proof as to how Plaintiff will support himself for the

4

remainder of this semester;  (c)  that information contained in Plaintiff's application was not "verified" or  "verifiable"; and (d) that the  NMAA considered this Court proceeding as interfering with the eligibility decision, because the Court had jurisdiction over the issue.

25.  These stated reasons and excuses for refusing to investigate Plaintiff's application further and to rule on his application in a timely manner are not credible or worthy of belief, nor are they rational or justifiable.

26.  NMAA's failure to rule on Plaintiff's application in a timely manner, once it was complete, constitutes differential treatment in that Plaintiff's application was not ruled upon in the customary time frame for such a ruling by the NMAA, nor was it ruled upon in a time frame similar to that in the Morales and Molina cases.

27.  The continued refusal of the NMAA to rule on Plaintiff's application since August 2000, its unreasonable insistence that his application was incomplete, its refusal to specify what would constitute a complete and sufficient application, and its refusal to investigate and consider the application because litigation was initiated, are all arbitrary actions that resulted in unfair treatment of Plaintiff and in treatment different from that afforded other similarly situated students.

28.  The NMAA arbitrarily and unjustifiably withheld its ruling as to Plaintiff's eligibility.

29.  Mr. Salzwedel, in his tenure as NMAA Executive Director, has never before been presented with an application for eligibility under the "independent student" provision of Section 4.21.2.

30. Two prior Las Cruces high school students, Morales and Molina, did not live with their parents, but they were allowed to play high school interscholastic sports.

## **CONCLUSIONS OF LAW**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3).

2. Plaintiff's cause of action is created by 42 U.S.C. § 1983.

3. The facts set forth above that Plaintiff was treated differently from others similarly situated, insofar as the NMAA's continued failure to rule as to Plaintiff's eligibility, constitute a violation of his right to equal protection under the Fourteenth Amendment.

4. The facts of disparate treatment, set forth above, are justified by no legitimate, legal purpose.

5. The deprivation of Plaintiff's right to equal protection was caused by the NMAA acting under color of state law.

**WHEREFORE**, it is hereby ordered that the Court will continue in effect its Preliminary Injunction, which in part enjoins the NMAA from preventing Plaintiff from participating in interscholastic athletics.  This does not preclude the NMAA however, from making an eligibility determination based upon the information currently before it.  If the NMAA concludes that Plaintiff is ineligible, Plaintiff will proceed, with all due haste through the NMAA appellate process, and he will be allowed to participate in high school athletics until the exhaustion of his appellate process.

**FURTHERMORE,** the parties are hereby ordered to inform the Court in writing of the NMAA's official and final decision on eligibility, and to provide a copy of the NMAA's written decision to the Court.  If the NMAA concludes that Plaintiff is eligible, Plaintiff is instructed to

submit an appropriate motion to the Court, seeking dissolution of the preliminary injunction and dismissal of the case.  If Plaintiff is deemed ineligible, at the conclusion of the NMAA appellate process, the parties are instructed to notify the Court, at which time appropriate further action will be considered by the Court.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**